## Case Information

DC-24-06963 | DANIEL FILER vs. MARK RUFF

| | | |
|---|---|---|
| **Case Number** | **Court** | **Judicial Officer** |
| DC-24-06963 | 14th District Court | MOYE', ERIC |
| **File Date** | **Case Type** | **Case Status** |
| 05/10/2024 | OTHER PERSONAL INJURY | OPEN |

## Party

**PLAINTIFF**
FILER, DANIEL

Active Attorneys ▼
Lead Attorney
BARTON, AMOS LOUIS
Retained

**DEFENDANT**
RUFF, MARK

Active Attorneys ▼
Lead Attorney
NASH, CONNOR
Retained

## Events and Hearings

05/10/2024 NEW CASE FILED (OCA) - CIVIL

05/10/2024 ORIGINAL PETITION

PLAINTIFFS ORIGINAL PETITION

05/10/2024 REQUEST FOR SERVICE

REQUEST FOR SERVICE

05/10/2024 ISSUE CITATION

ISSUE CITATION-MARK RUFF

05/20/2024 CITATION

Served
07/12/2024

Anticipated Server
ESERVE

Anticipated Method
Actual Server
PRIVATE PROCESS SERVER

Returned
07/22/2024
Comment
MARK RUFF

06/18/2024 NOTICE OF DISMISSAL FOR WANT OF PROSECUTION

NOTICE OF DISMISSAL FOR WANT OF PROSECUTION

Comment
MAILED

07/08/2024 MOTION-SUBSTITUTE SERVICE

PLAINITFF MTN SUBSTITUTE SERVICE

07/08/2024 NON-SIGNED PROPOSED ORDER/JUDGMENT

Comment
PROPOSED ORDER (PL) SUBSTITUTE SERVICE AS TO MARK RUFF

07/09/2024 ORDER - SUBSTITUTE SERVICE

ORDER - SUBSTITUTE SERVICE

Comment
AS TO MARK RUDD

07/09/2024 E-SERVED COPY OF ORDER ▾

Comment
DC-24-06963 ORDR SUBSTITUTE SERVICE AS TO MARK RUFF

07/22/2024 RETURN OF SERVICE ▾

Comment
AFFIDAVIT OF SERVICE - EXECUTED CITATION - MARK RUFF

08/05/2024 MOTION - TRANSFER - CHANGE OF VENUE ▾

DEFENDANT MTN TRANSFER VENUE/ORIG ANS/MTN DISMISS

Comment
& MTN DISMISS

08/05/2024 ORIGINAL ANSWER - GENERAL DENIAL ▾

DEFENDANT MTN TRANSFER VENUE/ORIG ANS/MTN DISMISS

08/29/2024 DISMISSAL FOR WANT OF PROSECUTION ▾

Judicial Officer
MOYE', ERIC

Hearing Time
11:00 AM

## Financial

FILER, DANIEL
    Total Financial Assessment    $358.00
    Total Payments and Credits    $358.00

| 5/16/2024 | Transaction Assessment | | | $358.00 |
|---|---|---|---|---|
| 5/16/2024 | CREDIT CARD - TEXFILE (DC) | Receipt # 33075-2024-DCLK | FILER, DANIEL | ($221.00) |
| 5/16/2024 | STATE CREDIT | | | ($137.00) |

## Documents

PLAINTIFFS ORIGINAL PETITION

REQUEST FOR SERVICE

ISSUE CITATION-MARK RUFF

NOTICE OF DISMISSAL FOR WANT OF PROSECUTION

PLAINITFF MTN SUBSTITUTE SERVICE

ORDER - SUBSTITUTE SERVICE

DEFENDANT MTN TRANSFER VENUE/ORIG ANS/MTN DISMISS

FILED
5/10/2024 4:15 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Dominique Gadberry DEPUTY

1 CIT/ ES

DC-24-06963

CAUSE NO: _____

| | |
|---|---|
| DANIEL FILER, | IN THE DISTRICT COURT OF |
| Plaintiff, | |
| v. | 14th _____ JUDICIAL DISTRICT |
| MARK RUFF, | |
| Defendant. | DALLAS COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THE COURT:

NOW COMES Plaintiff, DANIEL FILER, complaining of and against MARK RUFF and files Plaintiff's Original Petition and for cause of action would show the Court as follows:

#### A. DISCOVERY LEVEL

1. Pursuant to Texas Rule of Civil Procedure 190.1, Plaintiff intends to conduct discovery in this case under Level 3 as prescribed by Texas Rule of Civil Procedure 190.2.

#### B. PARTIES & SERVICE OF CITATION

2. Plaintiff is a natural person and was a resident of Cherokee County, Texas, at the time of the events made the basis of this suit.

3. Defendant MARK RUFF is a natural person who resided in Dallas County, Texas, at the time of the events made the basis of this suit. Service of process may be obtained on Defendant at 5917 Burgundy Road, Dallas, TX 75230-3415, or any place Defendant may be found. Plaintiff hereby requests service by private process server.

4. Plaintiff expressly invokes the right under articles 6133 et. seq., Texas Revised Civil Statutes, and Rule 28, Texas Rules of Civil Procedure, in order to properly identify the Defendant and to have the true name of any of these parties substituted at a later time upon the motion of any party or of the Court. In the event that any parties are misnamed or are not

included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer," and/or such parties are/were "alter egos" of parties named herein.

### C. CLAIM FOR RELIEF

5. As a general matter, Plaintiff's counsel believes that the amount of damages to be awarded to a claimant is strictly within the province of the jury. The damages sought by Plaintiff in this case won't be measured by a specific dollar amount as much as they are based on the collective wisdom of a jury. Indeed, the jury will be reminded that it is solely up to them to award intangible damages for all applicable non-economic damages.

6. Because Plaintiff is required to state a monetary level of damages pursuant to TEXAS RULES OF CIVIL PROCEDURE 47(c), Plaintiff pleads that they are seeking monetary relief over $1,000,000.

### D. JURISDICTION AND VENUE

7. Jurisdiction is proper in this Court because Plaintiff is entitled to damages in excess of the minimum jurisdiction of this Court. Pursuant to Section 15.002(a)(2) of the TEXAS CIVIL PRACTICE & REMEDIES CODE, venue is proper in Dallas County because it is the county of Defendant's residence at the time the cause of action accrued and Defendant is a natural person.

### E. FACTUAL BACKGROUND

8. Plaintiff brings this suit to recover damages for personal injuries and property damage sustained as a result of an aviation related ejection and crash in or near Belleville, Michigan on or about August 13, 2023. The wreck was proximately caused by the negligence of Defendant.

9. On August 13, 2023, Plaintiff, an Airline Transport-rated Pilot (ATP), was operating his single engine jet aircraft as Pilot-in-Command (PIC) in the Thunder Over Michigan Airshow and

Defendant was in the rear cockpit as a non-pilot Observer. As an Observer, Defendant had no pilot authority or responsibility for the flight subject of this suit. That morning, the Plaintiff had completed maneuvers with Marine aviators concluding with an uneventful landing. The Plaintiff then prepared for a scheduled educational/demonstration flight for the afternoon portion of the airshow with the Defendant again riding in the rear cockpit as a non-pilot Observer.



10. The aircraft departed uneventfully for the afternoon demonstration flight. Plaintiff was in the front seat acting as Pilot-in-Command and Defendant was in the rear as a non-pilot Observer only and was not qualified to operate the aircraft. During the demonstration flight, the aircraft experienced a partial loss of power when the nozzle of the aircraft did not move into place when the controls were advanced. Plaintiff, as Pilot-in-Command began to work through the procedures to correct such a nozzle issue. Defendant communicated to Plaintiff his opinion that the parties needed to get out of the jet, to which Plaintiff responded "No." Despite this directive from the Pilot-in-Command, Defendant choose to eject out of the aircraft despite Plaintiff having



completed the procedure which successfully restored the nozzle position and full normal power to the aircraft.

11. After the Defendant ejected both parties from the aircraft, the aircraft crashed at an apartment complex parking lot--not due to a loss of power, but because the aircraft had no pilot.

12. Due to the nature of the ejection and crash, Plaintiff sustained significant personal injuries and damages, as well as property damage to his aircraft and its contents.

### F.  NEGLIGENCE OF DEFENDANT MARK RUFF

13. The Pilot-in-Command of an aircraft is directly responsible for, and is the final authority as to, the operation of that aircraft. 14 C.F.R. § 91.3(a). No person may interfere with a crewmember in the performance of the crewmember's duties aboard an aircraft being operated. 14 C.F.R. § 91.11. No person may operate an aircraft in a careless or reckless manner so as to endanger the life or property of another. 14 C.F.R. § 91.13(a).[1]

14. Defendant is a licensed ATP rated pilot and is constructively or actually aware of the foregoing. Defendant had a duty to exercise the degree of care that a reasonably prudent pilot would use to avoid harm to others under similar circumstances to those described herein.

15. Defendant had further actual knowledge of the standards of care as an ATP rated pilot. As such, he is aware of the absolute authority of the pilot in command during all phases of flight including emergency authority. The Defendant's act of ejection was a deviation from a direct command from the Pilot-in-Command and constitutes an act of *intentional* noncompliance. Defendant was aware that he had no operational authority for the flight subject of this suit as an

---

[1] Please note that the Code of Federal Regulations is being cited only for the standard of care, and not as a cause of action.

Observer and was not authorized by the Federal Aviation Administration to be a pilot in the type of aircraft he took control of by ejecting the Pilot-in-Command.

16. Defendant's act of ejection prioritized his own welfare to the detriment and endangerment of the lives and property of others including Plaintiff.



17. Plaintiff's injuries and damages were proximately caused by Defendant's negligent, careless, and reckless disregard of Defendant's duty.

18. The negligent, careless, and reckless disregard of duty of Defendant consisted of, but is not limited to, the following acts and omissions:

   a. Failing to follow the direction and instruction of the Pilot-in-Command ;

   b. Interfering with the Pilot-in-Command in the performance of his duties aboard an aircraft being operated;

   c. Operating an aircraft in a careless or reckless manner to endanger the life or property of another;

   d. Failing to use due caution; and

   e. Wrongfully ejecting the Pilot-in-Command, causing serious personal injuries and property damage.

19. Plaintiff reserves the right to plead more specific acts or omissions in the future. Each of the above-stated acts and omissions constitute negligence and the same are a direct and proximate cause of the injuries and damages sustained by Plaintiff.

### G.  EXEMPLARY DAMAGES

20. Plaintiff will plead and will prove by clear and convincing evidence that when viewed objectively from the standpoint of Defendant at the time of the occurrence that Defendant's actions and inactions involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and that Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety and welfare of others. Such behavior entitles Plaintiff to an award of exemplary damages.

### H.  DAMAGES

21. Plaintiff would show that, as a direct and proximate result of the above-mentioned negligence, Plaintiff sustained significant personal injuries and damages, including but not limited to the following:

   a. Property damage;

   b. Past and future physical pain and suffering;

   c. Past and future mental anguish;

   d. Past and future medical expenses;

   e. Past and future physical impairment, and

   f. Past and future loss of enjoyment of life.

### I.  INTEREST AND COSTS

22. Plaintiff seeks the recovery of pre-judgment interest and post-judgment interest as authorized by law. Plaintiff also seeks recovery for all costs of Court.

### J.  DEMAND FOR JURY AND COURT REPORTER

23. Plaintiff demands a trial by jury to resolve all fact issues in this case and tenders the appropriate fee. Plaintiff respectfully requests that a court reporter attend all sessions of court in

connection with this case, and that the court reporter take full notes of the voir dire, all testimony offered, together with any and all.

### K. DESIGNATED E-SERVICE E-MAIL ADDRESS

24. The following are the undersigned attorneys designated-service e-mail addresses for all e-served documents and notices, filed and unfiled, pursuant to TEXAS RULES OF CIVIL PROCEDURE 21(f)(2) & 21(a): abarton@carlsonattorneys.com, gary@texasdwilaw.com, and aerwin@carlsonattorneys.com. Service through any other e-mail addresses will be considered invalid.

### L. CONDITIONS PRECEDENT

25. All conditions precedent to Plaintiff's claim for relief have been performed or have occurred.

### M. CONCLUSION AND PRAYER FOR RELIEF

26. For these reasons, Plaintiff respectfully requests that this Honorable Court issue citation for Defendants to appear and answer and that, upon a final trial of this cause, Plaintiff be granted a judgment against Defendants for the following:

   a. Actual and exemplary damages as alleged herein and/or proven at trial;

   b. Pre-judgment interest from the date of injury through the date of judgment, at the maximum rate allowed by law;

   c. Post-judgment interest at the maximum rate allowed by law;

   d. Costs of court; and

   e. Any and all such other and further relief, whether in law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

THE CARLSON LAW FIRM, P.C.

_[signature: Amos Barton]_

AMOS L. BARTON, OF COUNSEL
Texas Bar No. 24031847
abarton@carlsonattorneys.com
ARIEL R. ERWIN
Texas Bar No. 24126083
aerwin@carlsonattorneys.com
301 Junction Hwy, Suite 100
Kerrville, Texas 78028
Telephone: 830-257-7575
Facsimile: 830-257-7580
cc: crodriguez@carlsonattorneys.com
　　ylopez@carlsonattorneys.com


**TRICHTER, LEGRAND, HOULTON, WHITE**

GARY TRICHTER
Texas Bar No. 20216500
gary@texasdwilaw.com
420 Heights Blvd
Houston, TX 77007
Telephone: 713-524-1010

Attorneys for Plaintiff

CAUSE NO: DC-24-06963

| | |
|---|---|
| DANIEL FILER,<br>　　Plaintiff, | IN THE DISTRICT COURT |
| v. | 14th JUDICIAL DISTRICT |
| MARK RUFF,<br>　　Defendant. | DALLAS COUNTY, TEXAS |

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUBSTITUTED SERVICE**

On this day, the Court considered Plaintiff's Motion for Substituted Service of Defendant and the supporting affidavit. The Court finds that Plaintiff's attempts to locate Defendant MARK RUFF have been unsuccessful despite Plaintiff's due diligence, and that the substituted service requested in Plaintiff's Motion will be reasonably effective to give said Defendants notice of the suit.

Therefore, the Court GRANTS the Motion and authorizes substituted service of Defendant by leaving a copy of the citation and a copy of Plaintiff's Original Petition with any person older than sixteen at 5917 Burgundy Road, Dallas, Texas, 75230, or by affixing it securely to the front gate at said address.

SIGNED this 9 day of July, 2024.

_____
JUDGE PRESIDING

FILED
8/5/2024 9:52 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Margaret Thomas DEPUTY

CAUSE NO. DC-24-06963

| | | |
|---|---|---|
| DANIEL FILER | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § § § | |
| v. | § § | 14th JUDICIAL DISTRICT |
| MARK RUFF | § § | |
| *Defendant.* | § | DALLAS COUNTY, TEXAS |

## MARK RUFF'S MOTION TO TRANSFER VENUE, SUBJECT THERETO MOTION TO DISMISS ON FORUM NON CONVENIENS, AND SUBJECT THERETO ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW,** Defendant, Mark Ruff ("Defendant"), and files this, his Motion to Transfer Venue, Subject Thereto Motion to Dismiss on Forum Non Conveniens, and Subject Thereto Original Answer, and in support wanted respectfully shows as follows:

### MOTION TO TRANSFER VENUE

1. Defendant objects to venue in Dallas County and requests venue in the state of Michigan. This suit alleges a plane crash that occurred in the state of Michigan.

2. This case should be transferred pursuant to Sec. 15.002(b), Tex. Civ. Prac. & Rem. Code, for the convenience of the parties and witnesses because the transactions and events occurred in the state of Michigan. The balance of interests of all of the parties predominates in favor of this action being suited in Brewster County and the transfer would not work any injustice to any other party.

3. Defendant moves that this action be transferred to Dallas County, Texas, wherein proper venue lies in this action pursuant to Sec. 15.002(b), Tex. Civ. Prac. & Rem. Code.

4. Defendant prays that upon hearing of this motion, the Court grant this Motion to

Motion to Transfer Venue, Subject Thereto Motion to Dismiss, and Subject Thereto Original Answer                                                                                                           Page 1 of 3

Transfer Venue, transfer this case to the State of Michigan where proper venue lies in this cause, taxing all costs incurred herein against the Plaintiff, award reasonable and necessary attorney fees in at least the amount of $2,000.00 and would pray for such other and further relief to which Defendant may show himself to be justly entitled.

### MOTION TO DISMISS ON FORUM NON CONVENIENS

5. Pursuant to Tex. Civ. Prac. & Rem. Code § 71.051, Defendant request this case be dismissed based on Plaintiff's claims being properly heard in a forum outside of this state. Plaintiff's cause of action is for negligence of a pilot's standards under Federal Law regarding a plane crash that occurred in the State of Michigan.

6. Because of this, Defendant prays that upon hearing of this motion, the Court grant this Motion to Dismiss, taxing all costs incurred herein against the Plaintiff, award reasonable and necessary attorney fees in at least the amount of $2,000.00 and would pray for such other and further relief to which Defendant may show himself to be justly entitled.

### ORIGINAL ANSWER

7. Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant denies generally, each and every, all and singular, the allegations contained in Plaintiff's Original Petition and any amendment or supplement, and demands strict proof thereof.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that this Honorable Court grant this Motion to Transfer and transfer this matter to the state of Michigan. Subject thereto, Defendant respectfully requests that this Honorable Court grant this Motion to Dismiss and dismiss this matter so that the Plaintiff may file the action, if he so chooses, in the state of Michigan. Subject thereto, Defendant having fully answered herein, prays that Plaintiff

take nothing by reason of this suit, that Defendant go hence without delay and recover his attorney's fees and costs of Court, and any other and further relief, at law or in equity, that Defendant shows himself justly entitled.

                                              Respectfully submitted,

                                              **JAMES S. BELL, P.C.**

                                              /s/ Connor Nash
                                              Connor Nash
                                              State Bar No. 24116809
                                              Email: connor@jamesbellpc.com
                                              2808 Cole Avenue
                                              Dallas, Texas 75204
                                              Telephone: (214) 668-9000

<u>**CERTIFICATE OF SERVICE**</u>

      I certify that a true copy of the above was served on each attorney of record or party in accordance with the Texas Rules of Civil Procedure on August 5, 2024.

                                              /s/ Connor Nash
                                              Connor Nash

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Connor Nash
Bar No. 24116809
connor@jamesbellpc.com
Envelope ID: 90521145
Filing Code Description: Motion - Transfer - Change Of Venue
Filing Description: Defendant's Motion to Transfer Venue Subject Thereto Motion to Dismiss and Subject Thereto Original Answer
Status as of 8/5/2024 9:59 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Carlos Rodriguez | | crodriguez@carlsonattorneys.com | 8/5/2024 9:52:11 AM | SENT |
| Amos LBarton | | abarton@carlsonattorneys.com | 8/5/2024 9:52:11 AM | SENT |
| Ariel Erwin | | aerwin@carlsonattorneys.com | 8/5/2024 9:52:11 AM | SENT |
| Yvette Lopez | | YLopez@carlsonattorneys.com | 8/5/2024 9:52:11 AM | SENT |
| Gary Trichter | | gary@texasdwilaw.com | 8/5/2024 9:52:11 AM | SENT |
| Connor Nash | | Connor@jamesbellpc.com | 8/5/2024 9:52:11 AM | SENT |
| Helen Weston | | helen@jamesbellpc.com | 8/5/2024 9:52:11 AM | SENT |
| James Bell | | james@jamesbellpc.com | 8/5/2024 9:52:11 AM | SENT |