IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DANIEL FILER | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:24-cv-02051-E |
| | § | |
| MARK RUFF | § | |
| | § | |
| Defendant. | § | |

## RESPONSE TO PLAINTIFF'S MOTION TO REMAND

Mark Ruff ("Ruff"), files this Response to Plaintiff's Motion to Remand [Doc. 6] and respectfully states as follows:

## PRELIMINARY STATEMENT

1. As an initial matter, the Certificate of Conference on the Motion to Remand [Doc. 6] (the "Motion") is false. The Certificate of Conference states as follows:

> Plaintiff's counsel Amos Barton contacted counsel for Defendant via email to confer regarding the merits of Defendant's removal and Plaintiff's motion to remand on August 8, 2024 (after being informed of intention to remove) and August 12, 2024 (upon removal). Defense counsel did not respond.  See Pg. 16 of Doc. 16.

2. The "conference" is attached hereto as **Exhibit 1**.  This shows an email by Mr. Barton requesting a conference with the undersigned "about the answer that was filed Monday" referring to the state court answer.  Mr. Barton then follows up requesting a "good time to visit for an intro discussion."  Mr. Barton did not know about the removal at this time, therefore, it was impossible for these messages to be considered a conference.

3. The removal was not known by Mr. Baron until 7:22 p.m. on August 12, 2024.  *See* Exhibit 1.  There was never a conference (or an attempt thereof) on August 8th or 12th regarding the Motion.  This is a false statement by Daniel Filer ("Filer") to make the removal appear as bad faith.

4. Second, the Motion was untimely. This matter was removed on August 12, 2024. Filer filed the Motion on September 12, 2024; 31 days after the Notice of Removal. [Doc. 1]. "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S. Code § 1447. This alone is sufficient reason to deny the Motion.

5. Third, removal was proper based on the Federal Aviation Act's ("FAA") preemption of the field of aviation safety, including the standards of care allegedly breached by Ruff. When the otherwise applicable state law has been "completely preempted" by federal law, removal is proper. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987). Additionally, the Supreme Court has held that federal question jurisdiction exits when "federal law creates the cause of action" or "the plaintiffs' right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

6. Because the Motion was untimely and removal was proper in this matter, this Court should deny the Plaintiff's Motion to Remand.

## PROCEDURAL HISTORY

7. Filer filed his Original Petition against Mark Ruff on May 10, 2024 alleging a claim for negligence in the operation of an aircraft in or near Belleville, Michigan.

8. Despite all alleged conduct occurring in Michigan, Filer brought his suit in Texas state court lying in Dallas County.

9. Ruff removed the action on August 12, 2024. [Doc. 1]. On September 12, 2024, without conferring, Filer filed his Motion to Remand.

## ARGUMENTS AND AUTHORITIES

**A. Applicable Legal Standard**

10. A defendant may remove any civil action from State Court to a District Court of the United States which has original jurisdiction. 28 U.S.C. § 1441. District courts have original jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States," or over civil actions that are between citizens of different states and involve an amount in controversy in excess of $75,000.00, exclusive of interest and costs. 28 U.S.C. §§ 1331, 1332.

11. When considering a motion to remand, the removing party bears the burden of establishing federal jurisdiction and that removal was proper. *See Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir.2005); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir.2002). Any ambiguities are resolved against removal because the removal statute is strictly construed in favor of remand. *See Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir.2002); *Manguno*, 276 F.3d at 723. A single claim over which federal-question jurisdiction exists is sufficient to allow removal. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 563 (2005); *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164–66 (1997).

12. Generally, statutory federal question jurisdiction extends to cases in which a federal question appears on the face of a well-pleaded complaint. *See Louis Nashville R.R. v. Mottley*, 211 U.S. 149 (1908). There are two broad exceptions to the well-pleaded complaint rule: (1) when the complaint is "artfully pleaded" to avoid making explicit reference to what is in fact a federal claim; and (2) when the otherwise applicable state law has been "completely preempted" by federal law. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987).

13. In addition, the Supreme Court has held that federal question jurisdiction also exists when "federal law creates the cause of action" or "the plaintiffs' right to relief necessarily depends on

resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

14. Preemption may be express or implied from the structure and purpose of a statute. *See Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 95 (1983). The first type of implied preemption is field preemption, which occurs in cases where the federal regulatory scheme "is so pervasive as to make reasonable the inference that Congress left no room for the States to supplement it." *Gade v. National Solid Waste Mgmt. Ass'n*, 505 U.S. 88, 98 (1992) (citation omitted). The second type of implied preemption is conflict preemption. Conflict preemption arises where (1) "compliance with both federal and state regulations is a physical impossibility" or (2) the state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Gade*, 505 U.S. at 98 (citations omitted).

    **B. The Creation of the FAA and Preemption Case History**

15. The primary purpose of the FAA was the creation of the Federal Aviation Administration, the agency that promulgates regulations of the aviation industry. *Curtin v. the Port Authority of N.Y.*, 01 Civ. 445 (WHP) (S.D.N.Y. Feb. 5, 2002)

16. As originally drafted, the FAA did not contain an express preemption provision, but it included a sovereignty clause and a saving clause reflecting federalism concerns. The sovereignty clause states that "the Government of the United States shall have exclusive jurisdiction over the airspace of the United States." 49 U.S.C. § 40103. The saving clause provides that "[n]othing . . . in this chapter shall in any way abridge or alter the remedies now existing at common law or by statute, but the provisions of this chapter are in addition to such remedies." 49 U.S.C. § 1506.

17. In 1978, Congress Amended the FAA to include an express preemption provision regarding the "rates, routes, or services of any carrier." 49 U.S.C. § 41713(b)(1).

18. Regulations promulgated under the FAA are the central source of federal statutory control. *See* 49 U.S.C. § 40101(a)(1)-(3); 49 U.S.C. § 40113. These Federal Aviation Regulations ("FARs"), codified at Title 14 of the Code of Federal Regulations, prescribe standards of care for the aviation industry. Filer cites to three of these regulations in his cause of action: 14 C.F.R. § 91.3(a); 91.11; 91.13(a).

19. The Supreme Court has addressed preemption and the scope of the FAA, but has not considered implied field preemption in the context of aviation safety. The Court held that by enacting the FAA and the Noise Control Act, Congress preempted the field of airport noise, and concluded that the "pervasive nature of the scheme of federal regulation of aircraft noise" evidenced Congress' implicit intent to preempt state laws governing noise control. *City of Burbank v. Lockheed Air Terminals, Inc.*, 411 U.S. 624, 633 (1973). Notably, the Court found that the objectives of the FAA are safety and efficiency. *City of Burbank*, 411 U.S. at 638.

20. Additionally, the Supreme Court held that the presence of an express preemption provision or a saving clause in a statute does not by itself foreclose an implied preemption analysis. *Geier v. American Honda Motor Co. Inc.*, 529 U.S. 861, 867-68, (2000) ("[T]he saving clause foresees — it does not foreclose — the possibility that a federal safety standard will pre-empt a state common-law tort action with which it conflicts.").

21. The Fifth Circuit has addressed the FAA's express preemption of "services" in *Hodges v. Delta Airlines, Inc.*, 44 F.3d 334 (5th Cir. 1995) and found state law negligence claims were not expressly preempted. The Fifth Circuit did not determine whether the FAA preempts the entire field of negligence standards concerning the operation of aircrafts. Additionally, the undersigned believes the Fifth Circuit has not addressed the issue since the Supreme Court determined in *Geier* that implied preemption could exist even in the face of an express preemption provision or savings

clause. The Supreme Court's decision in *Geier* noted a change in preemption law, which potentially alters the Fifth Circuit's analysis in *Hodges*.

### C. Preemption in this Case

22. Filer brings this suit based on standards promulgated by the FAA. Filer states, in pertinent part, the following:

> 13. The Pilot-in-Command of an aircraft is directly responsible for, and is the final authority as to, the operation of that aircraft. 14 C.F.R. § 91.3(a). No person may interfere with a crewmember in the performance of the crewmember's duties aboard an aircraft being operated. 14 C.F.R. § 91.11. No person may operate an aircraft in a careless or reckless manner so as to endanger the life or property of another. 14 C.F.R. § 91.13(a).[1]

23. Because of this, removal is proper based on the FAA's preemption of state law in the field of aircraft operation standards.

### D. Untimeliness of Remand

24. Filer was required to file his motion to remand on the basis of any defect other than lack of subject matter jurisdiction within 30 days after the filing of the notice of removal. 28 U.S.C. § 1447(c). The rule requires that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." *In re Shell Oil Co.*, 932 F.2d 1518, 1523 (5th Cir. 1991).

25. The Notice of Removal was filed on August 12, 2024. Thirty-one days later, on September 12, 2024, Filer filed his Motion to Remand. Because of the untimeliness, Filer waived the issue, and the Motion must be denied.

**E. Ruff Has a Reasonable Basis for Removal**

F. The Court retains the discretion to award Filer the "payment of just costs and any actual expenses, including attorneys' fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). To do so, however, the Court must find that Defendants "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005). In making such an award, the Court "should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party." *Am. Airlines, Inc. v. Sabre, Inc.*, 694 F.3d 539, 542 (5th Cir. 2012).

G. As briefed above, Ruff had an objectively reasonable basis for removing this matter. Additionally, this removal was not to avoid any state court action or prolong this litigation. Therefore, Filer has no entitlement to an award of fees and costs pursuant to § 1447(c).

## CONCLUSION

Ruff respectfully requests that the Court enter an Order denying the Plaintiff's Motion to Remand [Doc. 6] and providing for such other and further relief to which Ruff may be entitled.

Dated: October 6, 2024

Respectfully submitted,

**JAMES S. BELL, P.C.**

/s/ Connor Nash
James S. Bell
State Bar No.: 24049314
james@jamesbellpc.com
Connor Nash
State Bar No.: 24116809
connor@jamesbellpc.com
2808 Cole Avenue
Dallas, Texas 75204
(214) 668-9000

ATTORNEY FOR RUFF

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on all counsel through the electronic filing system in accordance with the Federal Rules of Civil Procedure on this 6th day of October 2024.

                                                    /s/ Connor Nash
                                                    Connor Nash