# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| DANIEL FILER, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:24-CV-02051-E |
| MARK RUFF, | § § § | |
| Defendant. | § § § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Filer's Motion to Remand, which seeks (i) remand of this case to the 14th Judicial District Court of Dallas County, Texas and (ii) attorneys' fees. (ECF No. 6). Having considered the Parties briefing, applicable law, and pleadings, the Court GRANTS Filer's Motion to Remand. (ECF No. 6).

### I.   BACKGROUND

**A.  State Court Proceeding**

This litigation involves a dispute about a plane crash that allegedly occurred on August 13, 2023. (ECF No. 1-1 at 6). On May 10, 2024, Filer initiated litigation in state court against Defendant Ruff. (ECF No. 1-1 at 5-12). *Inter alia*, Filer alleges the following:

> Plaintiff brings this suit to recover damages for personal injuries and property damage sustained as a result of an aviation related ejection and crash in or near Belleville, Michigan on or about August 13, 2023. The wreck was proximately caused by the negligence of Defendant.
>
> On August 13, 2023, Plaintiff, an Airline Transport-rated Pilot (ATP), was operating his single engine jet aircraft as Pilot-in-Command (PIC) in the Thunder Over Michigan Airshow and ***Defendant was in the rear cockpit as a non-pilot Observer. As an Observer, Defendant had no pilot authority or responsibility for the flight subject of this suit.*** That morning, the Plaintiff had completed maneuvers

with Marine aviators concluding with an uneventful landing. The Plaintiff then prepared for a scheduled educational demonstration flight for the afternoon portion of the airshow with the ***Defendant again riding in the rear cockpit as a non-pilot Observer***.

The aircraft departed uneventfully for the afternoon demonstration flight. Plaintiff was in the front seat acting as Pilot-in-Command and Defendant was in the rear as a non-pilot Observer only and was not qualified to operate the aircraft. ***During the demonstration flight, the aircraft experienced a partial loss of power when the nozzle of the aircraft did not move into place when the controls were advanced. Plaintiff, as Pilot-in- Command began to work through the procedures to correct such a nozzle issue. Defendant communicated to Plaintiff his opinion that the parties needed to get out of the jet, to which Plaintiff responded "No." Despite this directive from the Pilot-in-Command, Defendant choose to eject out of the aircraft*** despite Plaintiff having completed the procedure which successfully restored the nozzle position and full normal power to the aircraft.

After the Defendant ejected both parties from the aircraft, the aircraft crashed at an apartment complex parking lot--not due to a loss of power, but because the aircraft had no pilot.

Due to the nature of the ejection and crash, Plaintiff sustained significant personal injuries and damages, as well as property damage to his aircraft and its contents.

(ECF No. 1-1 at 6-8). Filer asserts only a claim of negligence against Ruff:

The Pilot-in-Command of an aircraft is directly responsible for, and is the final authority as to, the operation of that aircraft. 14 C.F.R. § 91.3(a). No person may interfere with a crewmember in the performance of the crewmember's duties aboard an aircraft being operated. 14 C.F.R. § 91.11. No person may operate an aircraft in a careless or reckless manner so as to endanger the life or property of another. 14 C.F.R. § 91.13(a).

Defendant is a licensed ATP rated pilot and is constructively or actually aware of the foregoing. Defendant had a duty to exercise the degree of care that a reasonably prudent pilot would use to avoid harm to others under similar circumstances to those described herein.

Defendant had further actual knowledge of the standards of care as an ATP rated pilot. As such, he is aware of the absolute authority of the pilot in command during all phases of flight including emergency authority. The Defendant's act of ejection was a deviation from a direct command from the Pilot-in-Command and constitutes an act of intentional noncompliance. Defendant was aware that he had no operational authority for the flight subject of this suit as an Observer and was not authorized by the Federal Aviation Administration to be a pilot in the type of aircraft he took control of by ejecting the Pilot-in-Command.

(ECF No. 1-1 at 8-9). Filer proceeds on this state court pleading.

### B. Procedural History in Federal Court and Motion to Remand

On August 12, 2024, Ruff removed the state court case to this Court. (ECF No. 1). In his notice of removal, Ruff asserts:

> This Notice of Removal is filed on the basis of a federal question. Daniel Filer ("Plaintiff") filed his Original Petition on May 10, 2024. The Petition cites Federal Statute in its cause of action of negligence as well as alleges Defendant "was not authorized by the Federal Aviation Administration to be a pilot."
> [. . . .]
> The present suit is an action over which the United States District Court for the Northern District of Texas, Dallas Division, has jurisdiction because of the federal question presented in Plaintiff's Original Petition.

(ECF No. 1 at 1-2). Filer thereafter moved to remand this case back to the state court. (ECF No. 6). Ruff has responded. (ECF No. 9). Filer has replied. (ECF No. 10). Having been fully briefed, the Motion to Remand is ripe for consideration.

## II.    LEGAL STANDARD

Title 28 U.S.C. § 1441(a) permits removal of "any civil action brought in [s]tate court of which the district courts of the United States would have original jurisdiction." 28 U.S.C. § 1441(a). The statute allows a defendant to "remove a state court action to federal court only if the action could have originally been filed in federal court." *Anderson v. American Airlines, Inc.*, 2 F.3d 590, 593 (5th Cir. 1993). However, "[b]ecause removal raises significant federalism concerns, the removal statute must be strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand." *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (internal quotations omitted); *see also Shamrock Oil & Gas Corporation v. Sheets*, 313 U.S. 100, 108-109 (1941). "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *see Gutierrez*, 543 F.3d at 251.

District courts have original jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331; *Frank v. Bear Stearns & Company*, 128 F.3d 919, 922 (5th Cir. 1997). In determining whether a claim arises under federal law, the well-pleaded complaint rule dictates that "the plaintiff [is] the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *The Fair v. Kohler Die & Specialty Company*, 228 U.S. 22, 25 (1913)). There is, however, an exception to the well-pleaded complaint rule, known as the complete preemption doctrine. *Williams*, 482 U.S. at 393.

> "Complete preemption" is a jurisdictional doctrine sometimes invoked upon removal to federal court. *See* 14B Charles Alan Wright et al., Federal Practice & Procedure § 3722.2 (4th ed. 2016). The complete preemption doctrine provides that the preemptive force of some federal statutes is so strong that "it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule," such that removal is possible. *GlobeRanger Corp. v. Software AG* ("*GlobeRanger I*"), 691 F.3d 702, 705 (5th Cir. 2012).

*Spear Mktg., Inc. v. BancorpSouth Bank*, 844 F.3d 464, 467 n.3 (5th Cir. 2016). Although a plaintiff is generally "the master of the claim," where a defendant establishes complete preemption, the "artful pleading doctrine [ ] permits the court to look beyond the face of the plaintiff's complaint to determine if federal law 'so forcibly and completely displace[s] state law that the plaintiff's cause of action is either wholly federal or nothing at all.'" *Meisel v. USA Shade and Fabric Structures, Inc.*, 795 F.Supp. 2d 481, 485 (N.D. Tex. 2011) (quoting *Carpenter v. Wichita Falls Independent School District*, 44 F.3d 362, 366 (5th Cir. 1995)). The doctrine of complete preemption is purely jurisdictional and is distinct from the affirmative defense of "ordinary preemption (variably called 'defensive preemption')." *Spear Mktg.*, 844 F.3d at 467 n.3.

### III. ANALYSIS

As filed and briefed, the Parties dispute whether a federal question—involving the Federal Aviation Act of 1958 (FAA)—exists for federal jurisdiction through preemption. (ECF Nos. 1; 6; 9); *see generally* 28 U.S.C. § 1331.[1] The Court first addresses complete preemption and second addresses Ruff's assertion of conflict preemption.

### A. Complete Preemption

Ruff argues, in part, that the FAA completely preempts Filer's negligence claim(s). (ECF No. 9 at 2-3). "'Complete preemption,' which creates federal removal jurisdiction, differs from more common 'ordinary preemption' (also known as 'conflict preemption'), which does not." *Johnson v. Baylor Univ.*, 214 F.3d 630, 632 (5th Cir. 2000), *holding modified by Hoskins v. Bekins Van Lines*, 343 F.3d 769 (5th Cir. 2003) (internal citation omitted). The Fifth Circuit has created a three-part test to determine whether complete preemption exists:

> **(1)** the statute contains a civil enforcement provision that creates a cause of action that both replaces and protects the analogous area of state law; **(2)** there is a specific jurisdictional grant to the federal courts for enforcement of the right;" and **(3)** there is a clear congressional intent that the federal cause of action be exclusive. *Gutierrez v. Flores*, 543 F.3d 248, 252 (5th Cir. 2008) (quoting *Johnson v. Baylor Univ.*, 214 F.3d 630, 632 (5th Cir. 2000)).

*Mitchell v. Advanced HCS, L.L.C.*, 28 F.4th 580, 585 (5th Cir. 2022). (emphasis added in bold). Ruff fails to brief any of these three requirements to show complete preemption. (ECF Nos. 1; 9). Ruff suggests that federal law creates the cause of action or that Filer's right to relief depends on resolution of a substantial question of federal law. (ECF No. 9 at 2) (citing *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987); *Franchise Tax Bd. v. Construction Laborers Vacation Trust*,

---

[1] The "ultimate touchstone" in any preemption case is congressional intent. *Wyeth v. Levine,* 555 U.S. 555, 565 (2009). Congressional intent to preempt state law may be explicit in statutory provisions, or it may be implied. *Witty v. Delta Air Lines, Inc.,* 366 F.3d 380, 384 (5th Cir. 2004).

463 U.S. 1, 27-28 (1983)). However, Ruff directs the Court to no provision of the FAA or other federal law that "creates" a negligence (or gross negligence) cause of action as Filer asserts nor a corresponding substantial question of federal law. (ECF No. 9). As to the claims in this case, the Court has found no such support for complete preemption under the FAA. The Court concludes Ruff has not shown complete preemption to meet his burden of establishing federal jurisdiction. *Manguno*, 276 F.3d at 723.

### B. Remaining Preemption Concerns

Preemption of state law occurs in three instances. "First, express preemption occurs when Congress 'adopts express language defining the existence and scope of pre-emption.'" *Est. of Miranda v. Navistar, Inc.*, 23 F.4th 500, 504 (5th Cir.) (quoting *Gade v. Natl Solid Wastes Mgmt. Ass'n*, 505 U.S. 88, 109 (1992) (Kennedy, J., concurring)), *cert. denied*, 143 S. Ct. 93 (2022). "Second, field preemption occurs when 'Congress creates a scheme of federal regulation so pervasive as to leave no room for supplementary state regulation.'" *Navistar*, 23 F.4th at 504 (quoting *Gade*, 505 U.S. at 109). "Finally, conflict preemption occurs 'where it is impossible for a private party to comply with both state and federal requirements,' or where state law 'stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.'" *Navistar*, 23 F.4th at 504 (quoting *Gade*, 505 U.S. at 109).[2]

Ruff directs the Court to no provision of the FAA that expressly preempts Filer's claim, and the Court has found none. (ECF Nos. 1; 9).[3] Ruff directs the Court to no scheme of federal

---

[2] "The doctrine of preemption stems from the Supremacy Clause, which gives federal law precedence over a conflicting state law." *White Buffalo Ventures, LLC v. Univ. of Tex. at Austin*, 420 F.3d 366, 370 (5th Cir. 2005) (citing U.S. Const. art. VI, cl. 2.; *Cipollone v. Liggett Grp., Inc.*, 505 U.S. 504, 516 (1992)).

[3] The Fifth Circuit appears to have acknowledged that express preemption in the FAA context is not sufficient for complete preemption. In *Witty v. Delta Air Lines, Incorporated*, the Fifth Circuit explained the following in addressing FAA preemption:

regulation in the FAA so pervasive as to leave no room for supplementary state regulation relating Filer's claim, and the Court has found none. (ECF Nos. 1; 9). Instead, Ruff relies on conflict preemption to establish federal jurisdiction—"the FAA's preemption of state law in the field of aircraft operation standards." (ECF No. 9 at 6).[4] *Manguno*, 276 F.3d at 723. But Ruff directs the Court to no factual allegation or law in this case to show any conflict of law for the FAA to preempt. (ECF Nos. 1; 9). As plead and briefed, the circumstances of this case do not involve any state law conflict with the FAA.[5]

Furthermore, "[t]he presence of conflict-preemption does not establish federal question jurisdiction. Rather than transmogrifying a state cause of action into a federal one—as occurs with complete preemption—**conflict preemption serves as a *defense* to a state action**." *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 337 (5th Cir. 1999) (emphasis in italics in original, emphasis added in bold); *see, e.g.*, *Westfall v. Bevan*, No. CIV.A.308-CV-0996-D, 2009 WL 111577, at *4 (N.D. Tex. Jan. 15, 2009) ("[Conflict preemption] simply provides an affirmative federal defense to a state-law claim. [. . .] Therefore, ordinary preemption, unlike complete

---

In *Hodges,* we held that the preemptive effect of § 41713(b)(1) is limited by a provision of the Federal Aviation Act of 1958(FAA), 49 U.S.C. § 41112(a) (previously codified at 49 U.S.C. app. § 1371(q)),[] which provides that air carriers must maintain insurance or self-insurance that covers liability "for bodily injury to, or death of, an individual ... resulting from the operation or maintenance of the aircraft...." We reasoned that § 41112(a) "can only be understood to qualify the scope of 'services' removed from state regulation by [§ 41713(b)(1) ]. *A complete preemption of state law in this area would have rendered any requirement of insurance coverage nugatory."* Hodges, 44 F.3d at 338. *"Thus, federal preemption of state laws, even certain common law actions 'related to services' of an air carrier, does not displace state tort actions for personal physical injuries or property damage caused by the operation and maintenance of aircraft." Id.* at 336.

366 F.3d at 382 (emphasis added in bold italics, footnote omitted). Ruff concedes that the Supreme Court has not addressed field presumption in the context of aviation safety. (ECF No. 9 at 5). Although Ruff discusses the law of express preemption, Ruff does not assert express preemption applies to this case. (ECF No. 9).

[4] Ruff's briefing on the FAA's preemption of state law under the factual allegations of this case is scant. (*See* ECF No. 1; 9).

[5] As plead, Filer's pleadings do not rely on any state regulation. (ECF No. 1-1 at 5-12).

preemption, does not provide a basis for removal to federal court.) (citing *Giles*, 172 F.3d at 337); *Roberts v. Reynolds & Reynolds Trucking, Inc.*, No. 3:15-CV-3662-B, 2016 WL 3570652, at *3 (N.D. Tex. July 1, 2016) ("Conflict preemption, on the other hand, does not provide grounds for removal but functions solely as an affirmative federal defense to a state-law claim.") (internal quotation omitted). Thus, even if the Court were to assume *arguendo* that conflict preemption existed, Ruff would not have established federal question jurisdiction. *Giles*, 172 F.3d at 337. Ruff has presented no other basis for federal jurisdiction, and the Court has found none. Ruff has not carried his burden of showing that federal jurisdiction exists and that removal was proper. *Manguno*, 276 F.3d at 723; *see Gutierrez*, 543 F.3d at 251. As the removal statute must be strictly construed and the Court has doubt as to the propriety of removal, the Court must remand. *Gutierrez*, 543 F.3d at 251. The Court GRANTS Filer's Motion to Remand.

### C. Ancillary Arguments

Filer moves for attorneys' fees—asserting the removal "was improper without any objectively reasonable basis." (ECF No. 6 at 15). Ruff asserts (i) Filer failed to conference as required and (ii) the Motion to Remand was untimely filed. (ECF No. 9 at 1-2). As the Court is remanding this case, the Court declines to consider these arguments as unnecessary.[6]

### IV. CONCLUSION

For the reasons enumerated hereabove, the Court concludes Defendant has failed to carry its burden to demonstrate federal question exists to establish federal jurisdiction. The Court lacks subject-matter jurisdiction, and the Court's doubts regarding jurisdiction shall be resolved in favor

---

[6] The Court has an obligation to examine its subject-matter jurisdiction *sua sponte* at any time. *See FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 230–31 (1990); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."). Subject-matter jurisdiction may not be waived. *See Ruhrgas AG*, 526 U.S. at 583.

of remand. *See Gutierrez*, 543 F.3d at 251. Therefore, the Court immediately **REMANDS** this case to the 14th District Court of Dallas County, Texas, Cause No. DC-24-06963.

**SO ORDERED.**

7th day of May, 2025.

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE